The Chancellor.
This demurrer is well taken. The bill alleges that the complainant, on the 14th of March, 1856, conveyed to Eliza Ann Reed several tracts of land, in the bill particularly described; that at the time she executed the deed, she was threatened with a prosecution for a larceny, then alleged to have been committed by her, of the goods and chattels of one Joseph Rue, in whose family she had then recently been living; that although entirely innocent of the charge, yet being ignorant of the law, and the effect of such prosecution, and being informed by persons with whom she was well acquainted, and in whom she confided, that if such criminal prosecution was urged against her she might be deprived of her property, and that the same might be taken from her by process of law, she was induced by such advice, and through the influence of her fears, to make the conveyance; that the said Eliza is the niece of the complainant, and that the complainant is informed, and believes that it was, at the time of the conveyance, the intention of her niece to reconvey the property to the complainant; that she has since intermarried with Charles Miller, and that they now refuse, upon the complainant’s request, to make such reconveyance. The object of the bill is to compel the defendants, Miller and his wife, to convey the lands to the complainant.
If this bill can be maintained, the court must take the broad ground, that if a person charged with a crime conveys away his property for the avowed purpose of protecting it against the consequences of his conviction, if he escapes such conviction a court of equity will aid him in recovering back his property. It is not alleged, in this *553 case, that any fraud was practised upon the complainant by the defendants or by any one else. It is not alleged that the prosecution was a malicious one, and that those concerned in it have been any way benefited by the conveyance, or that by their advice, or through their contrivance, the complainant was induced to execute the deed. But the complainant was charged with larceny; and although it is alleged that she was entirely innocent of the charge, it does not appear but that there were good grounds of suspicion, or that her accusers were actuated by any other than a most laudable desire to promote public justice. Under these circumstances, the complainant made the conveyance for the unlawful purpose of placing it beyond the reach of the law, if the threatened prosecution should prove successful. The information alleged to have been given her by her friends was correct; her property was in jeopardy from the consequences of such a prosecution. If convicted, her property was liable for the costs. The court might, upon such conviction, impose a fine of $500, which would be a lien upon her property. She made the deed for the purpose of placing her property beyond the reach of the process of the law in case she should be convicted. This was against public policy. This court cannot aid a person under such circumstances. The complainant confided in the honesty of her niece, and there the court must leave her. The ease comes within the principle of the cases in which it has been decided, that conveyances made of estates in trust, in order to secure the party from forfeitures for treason or felony, will be set aside as against the crown, but they will be good against the party.
The demurrer is sustained, and the bill must be dismissed with costs.